# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DERRICK DANTE CLARK,**

      **Petitioner,**

-vs-                                          Case No. 6:09-cv-539-Orl-19GJK

**UNITED STATES OF AMERICA,**

      **Respondent.**

_____

# ORDER

This case comes before the Court on the following:

1. Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 by Petitioner Derrick Dante Clark (Doc. No. 5, filed Apr. 9, 2009);

2. Memorandum of Points and Authorities in Support of Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 by Petitioner Derrick Dante Clark (Doc. No. 6, filed Apr. 9, 2009);

3. Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 by Respondent United States of America (Doc. No. 11, filed June 30, 2009); and

4. Reply Brief Setting Forth Objections and Arguments to the United States' Motion Seeking to Dismiss Petitioner's Presently Pending § 2255 Motion by Petitioner Derrick Dante Clark (Doc. No. 17, filed Oct. 5, 2009).

**Background**

Petitioner and his co-defendant, Alicia Marie Riedel, were charged in a two-count indictment with: (1) conspiracy to possess with intent to distribute fifty or more grams of a mixture and substance containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii); and (2) possession with intent to distribute fifty or more grams of a mixture and substance containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(A)(iii). (Criminal Case No. 6:06-cr-160-Orl-19UAM, Doc. No. 1, filed Sept. 21, 2006.)[1] The Government filed a notice pursuant to 21 U.S.C. § 851 that if the Petitioner was found guilty, it would seek enhanced penalties based upon the Petitioner's prior entry of a nolo contendere plea and third-degree felony conviction for possession of cocaine on March 17, 2006 in Case No. 2005-CF-61021-AXXX- XX, in the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida. (Criminal Case Doc. No. 72, filed Apr. 2, 2007.)

A jury found Defendant guilty of both counts. (Criminal Case Doc. No. 79, filed Apr. 6, 2007.) Based on the Petitioner's prior state felony drug conviction, Petitioner was subject to a minimum mandatory sentence of twenty years imprisonment. *See* 21 U.S.C. § 841(b)(1)(A). A sentencing hearing was conducted, and on June 27, 2007, and the Court entered a Judgment sentencing Petitioner to a two hundred forty (240) month term of imprisonment to be followed by a ten-year term of supervised release. (Criminal Case Doc. No. 93).

Petitioner timely filed a notice of appeal. (Criminal Case Doc. No. 94, filed Jun. 27, 2007.) The only argument raised by Petitioner on direct appeal was that the evidence at trial did not support the jury's finding that the offense involved crack cocaine. (Criminal Case Doc. No. 114 at 4, filed

---

[1] Criminal Case No. 6:06-cr-160-Orl-19UAM will be referred to as "Criminal Case."

Mar. 21, 2008.) The Eleventh Circuit rejected Petitioner's argument and affirmed the conviction. (*Id.* at 10-11.)

Petitioner timely filed a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255, asserting three grounds for relief: (1) that imposing a sentence based on a 100-to-1 powder to crack cocaine ratio ("Ratio") violated Petitioner's Substantive Due Process rights; (2) that imposing a sentence based on the Ratio violated Petitioner's Equal Protection rights; and (3) that Petitioner's trial counsel was ineffective. (Doc. No. 5 at 4-8.) Petitioner contended that he was entitled to an evidentiary hearing on each of these issues. (*Id.* at 28.) The Government responded in opposition and asserted that there was no basis for an evidentiary hearing. (Doc. No. 11 at 6-13.) Petitioner also claimed in his Section 2255 Motion that he had been repeatedly denied copies of his trial and sentencing transcripts. (Doc. No. 6 at 26-28.) This issue was resolved by the Court granting Petitioner's Motion for Leave to Proceed in Forma Pauperis and Motion for Copies. (Doc. No. 10, filed June 16, 2009.) Copies of Petitioner's trial and sentencing transcripts were mailed to Petitioner on July 17, 2009, and on August 28, 2009, respectively. On July 29, 2009, Petitioner was granted a sixty-day extension to file a reply brief to the Government's response to Petitioner Section 2255 Motion. (Doc. No. 15.) Petitioner timely filed a reply brief. (Doc. No. 17.)

**Standard of Review**

**I.    Relief**

Section 2255 provides federal prisoners with an avenue for relief under limited circumstances:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of

>the maximum authorized by law, or is otherwise subject to attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (2009). If a court finds a claim under Section 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* To obtain this relief on collateral review, however, a petitioner must "clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982) (rejecting the plain error standard as not sufficiently deferential to a final judgment).

## II. Hearing

Under Section 2255, unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." The Eleventh Circuit Court of Appeals has explained, "[a] habeas corpus petitioner is entitled to an evidentiary hearing on his claim 'if he alleges facts which, if proven, would entitle him to relief.'" *Smith v. Singletary*, 170 F.3d 1051, 1053 (11th Cir. 1999) (quoting *Futch v. Dugger*, 874 F.2d 1483, 1485 (11th Cir.1989)). However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002) (explaining that no evidentiary hearing is needed when a petitioner's claims are "affirmatively contradicted by the record" or "patently frivolous").

**Analysis**

**I.    Application of Ratio as a Violation of Substantive Due Process and Equal Protection**

Petitioner claims that his sentence based on the Ratio violated his Substantive Due Process and Equal Protection rights. (Doc. No. 5 at 4-6; Doc. No. 6 at 8-18.) The Government argues in response that the Petitioner is not entitled to relief on these claims because he procedurally defaulted these claims. (Doc. No. 11 at 6.)

A defendant who fails to object at the trial court level to error he believes the court has committed or fails to raise such objection on appeal is procedurally barred from presenting his objection in a motion subsequently filed under 28 U.S.C. § 2255 absent a showing of (1) cause and prejudice or (2) a fundamental miscarriage of justice.[2] *See United States v. Frady*, 456 U.S. 152, 166-68 (1982); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). In order to show cause, a petitioner must show some external impediment preventing counsel from constructing or raising the claim. *High v. Head*, 209 F.3d 1257, 1262-63 (11th Cir. 2000). "Such external impediments include evidence that could not reasonably have been discovered in time to comply with the rule; interference by state officials that made compliance impossible; and ineffective assistance of counsel at a stage where the petitioner had a right to counsel." *Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008). Cause, however, does not exist where the injury is fairly attributable to a petitioner's own conduct. *Wright v. Hopper*, 169 F.3d 695, 706 (11th Cir. 1999). Prejudice exists where the alleged

---

[2] Absent cause and prejudice, the procedural default of a constitutional claim may be excused only if enforcing the default would result in a fundamental miscarriage of justice. *Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008). This exception applies if the petitioner can show that, in light of new evidence, it is probable that no reasonable juror would have convicted him. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). However, Petitioner only argues that cause and prejudice exist here to overcome procedural default, not that there was any fundamental miscarriage of justice. (Doc. No. 6 at 7.)

error actually and substantially disadvantaged Petitioner's defense so that he was denied fundamental fairness. *Id.* Stated differently, prejudice exists if there is at least a reasonable probability that the result of the proceeding would have been different had the alleged error not occurred. *Mize*, 532 F.3d at 1190.

Petitioner's sole argument for establishing cause is that his appellate counsel failed to raise the substantive due process and equal protection issues on direct appeal. (*See* Doc. No. 6 at 7 ("Movant has established 'cause' where the full legal basis for his ineffective assistance of counsel claim can and must be attributed to appellate counsel's failure to raise this specific ground on direct appeal thereby initiating procedural default in the instant case at bar.") The Government argues in response that failure to raise these claims is not ineffective assistance of counsel because the applicable law is contrary to Petitioner's position. (Doc. No. 11 at 7.)

A claim that cause exists due to ineffective assistance of counsel requires a showing of constitutionally ineffective assistance of counsel as defined in *Strickland v. Washington*, 466 U.S. 668 (1984). *Fortenberry v. Haley*, 297 F.3d 1213, 1222 (11th Cir. 2002); *Reece v. United States*, 119 F.3d 1462, 1465 (11th Cir. 1997). Under *Strickland*, a petitioner must show that (1) "counsel's representation fell below an objective standard of reasonableness," *Strickland*, 466 U.S. at 688, and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. These two elements are commonly referred to as the performance and prejudice prongs, respectively. *Reece*, 119 F.3d at 1464 n.4. If the Petitioner fails to establish either prong, the Court need not consider the other prong in finding that there was no ineffective assistance of counsel. *Strickland*, 466 U.S. at 697.

As to the prejudice prong, Petitioner must show that there is a reasonable probability that, but for his appellate counsel's failure to challenge Petitioner's sentence on substantive due process and equal protection grounds, the result of Petitioner's appeal would have been different. *Strickland*, 466 U.S. at 694. The Government argues that there was no prejudice because Petitioner's sentence did not violate his substantive due process or equal protection rights under the applicable law. (Doc. No. 11 at 7.)

Petitioner argues that the justifications for imposing the Ratio in sentencing him were not supported by fact or reason and thus violated substantive due process and equal protection in light of numerous policy statements by the United States Sentencing Commission and the holding of the United States Supreme Court in *Kimbrough v. United States*, 552 U.S. 85, 128 S. Ct. 558 (2007).[3] (Doc. No. 6 at 8-18.) However, Petitioner's reliance on *Kimbrough* is misplaced because its holding, that district courts are permitted to disagree with the policies underlying the guidelines, is unrelated to the constitutionality of the Ratio. *Kimbrough*, 128 S. Ct. at 575; *United States v. Jackson*, 322 F. App'x 679, 681 (11th Cir. 2009); *United States v. Hackman*, 284 F. App'x 743, 746 (11th Cir. 2008); *United States v. Samas*, 561 F.3d 108, 110 (2d Cir. 2009). Moreover, Petitioner's

---

[3] The Court need not discuss whether this case should be remanded in light of *Kimbrough* because the Defendant only argues that his sentence violated his substantive due process and equal protection rights, not that the District Court failed to comply with the procedural requirements mandated by *Kimbrough*. Alternatively, resentencing in light of *Kimbrough* is not appropriate here because sentencing courts are "constrained by the mandatory minimums Congress prescribed," *Kimbrough*, 128 S. Ct. at 574, and Defendant was sentenced pursuant to 21 U.S.C. § 841(b)(1) to a mandatory minimum sentence of 240 months. (Criminal Case Doc. No. 93); *see United States v. Warthen*, 323 F. App'x 772, 772-73 (11th Cir. 2009) (holding that *Kimbrough* had no effect on the requirement that sentencing courts must impose any applicable statutory mandatory minimum sentences); *United States v. Castaing-Sosa*, 530 F.3d 1358, 1360-61 (11th Cir. 2008) ("[A] district court is not authorized to sentence a defendant below the statutory mandatory minimum unless the government filed a substantial assistance motion pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 or the defendant falls within the safety-valve of 18 U.S.C. § 3553(f).").

substantive due process and equal protection challenges to the Ratio have been repeatedly rejected by the Eleventh Circuit Court of Appeals. *E.g., United States v. Matthews*, 168 F.3d 1234, 1251 (11th Cir. 1999); *United States v. Hanna*, 153 F.3d 1286, 1288-89 (11th Cir. 1998); *United States v. Sloan*, 97 F.3d 1378, 1383-84 (11th Cir. 1996); *United States v. Byse*, 28 F.3d 1165, 1169 (11th Cir. 1994); *United States v. King*, 972 F.3d 1259, 1260 (11th Cir. 1992). Further, the Eleventh Circuit has held that 21 U.S.C. § 841(b)(1), the statute requiring the sentencing court to sentence Petitioner to a minimum of twenty years imprisonment, does not violate the due process or equal protection clauses. *United States v. Warthen*, 323 F. App'x 772, 773 (11th Cir. 2009); *United States v. Dorval*, 283 F. App'x 745, 747 (11th Cir. 2008); *United States v. Solomon*, 848 F.2d 156, 157 (11th Cir. 1988). Because the Petitioner's substantive due process and equal protection challenges contradict well-settled Eleventh Circuit precedent, Petitioner was not prejudiced by his appellate counsel's failure to raise such issues. Thus, Petitioner has not established cause for his procedural default, and his claimed violations of substantive due process and equal protection are not cognizable here.

## II. Ineffective Assistance of Trial Counsel

Petitioner claims ineffective assistance of trial counsel due to trial counsel's failure to (1) meet with Petitioner more than once a month to discuss trial strategy; (2) consult with Petitioner and inform him of his option to take the stand and testify on his own behalf; (3) familiarize himself with the law and facts of the case; (4) disclose the entire contents of the discovery provided to counsel by the Government; (5) provide Petitioner with documents indicating his sentence exposure if he accepted a plea agreement versus going to trial; (6) accept Petitioner's phone calls made from the pretrial detention facility; and (7) object to the use of Petitioner's 2006 state felony conviction to

support the § 841(b)(1)(A) enhancement to Petitioner's sentence by claiming that the nolo contendere plea underlying the conviction was not intelligently and voluntarily given. (Doc. No. 6 at 22-26.) The Government argues in opposition that the record does not support any of these claims. (Doc. No. 11 at 10.)

Petitioner did not raise these claims on direct appeal; however, "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003). As stated above, a successful claim of ineffective assistance of counsel requires the Petitioner to show that (1) "counsel's representation fell below an objective standard of reasonableness," *Strickland*, 466 U.S. at 688, and that (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Philmore v. McNeil*, 575 F.3d 1251, 1264 (11th Cir. 2009) (noting that claims of ineffective assistance of trial and appellate counsel are both governed by *Strickland*).

Petitioner has the burden of proving that he was prejudiced by trial counsel's allegedly deficient performance. *Gilreath v. Head*, 234 F.3d 547, 551 (11th Cir. 2000). That an error had some conceivable effect on the outcome of the proceeding is insufficient to show prejudice. *Id.* Instead, Petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (citing *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (citing *Strickland*, 466 U.S. at 694).

Petitioner cites numerous instances where trial counsel's representation allegedly fell below an objective standard of reasonableness. (Doc. No. 6 at 22-26.) However, Petitioner only claims

prejudice from two of trial counsel's alleged errors,[4] and the factual allegations in support of those claims are not sufficient to warrant an evidentiary hearing. First, Petitioner claims prejudice from trial counsel's failure to share an incriminating video tape with Petitioner that was part of the Government's discovery. However, Petitioner merely makes a conclusory claim of prejudice. (*See* Doc. No. 6 at 23 ("Curiously enough, trial counsel Healy only felt compelled to show Movant two of the three tapes, conspicuously omitting to reveal the most damaging "video" to Movant Clark. Thereby, prejudicing his client and placing Movant in a most precarious position.").) Critically, Petitioner fails to show how revealing this video to Petitioner earlier would reasonably have changed the result of the proceedings. Even if, as Petitioner claims, the video was very probative of Petitioner's guilt, he offers no reason why such video would have been inadmissible or how its probative value would have been mitigated by other evidence that Petitioner would have introduced. Thus, Petitioner fails to allege any prejudice arising from trial counsel's alleged failure to share the video.

Second, Petitioner maintains that he was prejudiced by trial counsel's failure to challenge Petitioner's nolo contendere plea underlying his state drug conviction that enhanced his federal sentence. (Doc. No. 6 at 26.) In particular, Petitioner asserts that trial counsel should have argued that Petitioner did not intelligently and voluntarily enter into the nolo contendere plea because his counsel in state court was constitutionally ineffective. (*Id.*) Indeed, such grounds if proven would

---

[4] For the remaining claims of ineffective assistance of counsel, the Petitioner alleges no facts supporting his contention that he was prejudiced by trial counsel's conduct. Absent factual allegations of prejudice, an essential element of a claim of ineffective assistance of counsel, there is no basis for an evidentiary hearing on such claims. *See Smith*, 170 F.3d at 1053 ("A habeas corpus petitioner is entitled to an evidentiary hearing on his claim if he alleges facts which, if proven, would entitle him to relief.") (internal quotations omitted).

have been a proper basis for excluding the state drug conviction from enhancing Petitioner's sentence under 21 U.S.C. §§ 841 and 851. *See United States v. Cadet*, 138 F. App'x 272, 274-75 (11th Cir. 2005) (holding that because the defendant's prior guilty plea in state court was unknowing and involuntary, it could not be used to increase defendant's subsequent drug trafficking sentence pursuant to 21 U.S.C. §§ 841, 851). However, Petitioner's claim of prejudice is again insufficient because he does not allege any facts to support his contention that his counsel in state court was ineffective. Absent any factual basis for challenging Petitioner's state plea, Petitioner could not have suffered prejudice from trial counsel's failure to challenge the state drug conviction used to enhance Petitioner's sentence pursuant to 21 U.S.C. §§ 841 and 851.

In summary, because Petitioner fails to allege any prejudice that undermines confidence in the outcome of the case, there is no legal basis for an evidentiary hearing to determine whether trial counsel was constitutionally ineffective, and Petitioner's claims of ineffective assistance of counsel must be rejected. *Smith*, 170 F.3d at 1053.

**Conclusion**

Based on the foregoing, the Court finds that Petitioner is not entitled to a hearing because his claims are either facially deficient or affirmatively contradicted by the record. Petitioner has not demonstrated that he is entitled to relief on any of the claims he has raised. Any allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody by Petitioner Derrick Dante Clark (Doc. No. 5) is **DENIED**, and this case is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:06-cr-160-Orl-19UAM and to terminate the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Criminal Case Doc. No. 139) pending in that case.

Dated this 8th day of November, 2009 in Orlando, Florida.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Derrick Dante Clark
Counsel of Record